**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2448
_____

JOE THORPE,
                              Appellant

v.

TOWNSHIP OF SALISBURY; DEBRA J. BRINTON; SANDY NICOLO;
MICHAEL J. POCHRON; DANIEL SELL

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-04261)
District Judge:  Honorable Joseph F. Leeson, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 4, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 5, 2023)

_____

OPINION[*]
_____

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Joe Thorpe, an attorney proceeding pro se, appeals from the District Court's decision dismissing his civil rights complaint. We will affirm that judgment.

I.

In 2021, Thorpe filed a pro se civil rights complaint in the District Court against a township in Pennsylvania, three of the township's officials/employees, and a magisterial district judge. Thorpe alleged that the defendants had violated several federal criminal statutes by filing and prosecuting "numerous code violation actions" against him in retaliation for his filing an earlier civil rights action against them. (See Dist. Ct. docket # 1, at 9.) The defendants later moved the District Court to dismiss the complaint. On March 28, 2022, the District Court granted those motions, dismissed the claims against the magisterial district judge with prejudice, and dismissed the claims against the remaining defendants (hereinafter "the Township Defendants") without prejudice to Thorpe's ability to file, within 25 days, an amended complaint. But Thorpe did not file an amended complaint; instead, he chose to bring this appeal.[1]

II.

Absent exceptions that do not apply here, our appellate jurisdiction is limited to reviewing "final" orders of the district courts. See 28 U.S.C. § 1291. As a general matter, a district court order that dismisses some (or all) of the plaintiff's claims without

---

[1] Thorpe presented this appeal to the United States Court of Appeals for the Federal Circuit. But that court concluded that it lacked jurisdiction over the appeal, and it transferred the appeal to us pursuant to 28 U.S.C. § 1631.

2

prejudice is not a final order. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). However, if the plaintiff "declares his intention to stand on his complaint . . . the order become[s] final and appealable." Id. at 951-52. Here, Thorpe has effectively elected to stand on his complaint because he did not amend it within the time provided by the District Court. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992). Accordingly, the District Court's dismissal order constitutes a final order over which we have jurisdiction. See id.; Borelli, 532 F.2d at 951-52.[2] We review that order under a plenary standard. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

### III.

Thorpe's appellate brief is essentially identical to his brief in another appeal, see C.A. No. 22-2447,[3] even though the two appeals have not been consolidated, stem from different District Court proceedings, and raise some different issues.

Even when construed liberally, Thorpe's brief does little to coherently challenge the analysis set forth in the District Court's opinion accompanying its dismissal order in this case. Assuming for the sake of argument that Thorpe has done enough here to preserve such a challenge, see Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is

---

[2] Insofar as Weber v. McGrogan, 939 F.3d 232, 239-40 (3d Cir. 2019), questions Batoff's jurisdictional analysis, Batoff nevertheless remains good law. See 3d Cir. I.O.P. 9.1 (providing that en banc consideration is required to overrule a prior panel's precedential opinion).

[3] That appeal concerns a decision entered by the District Court in the earlier civil rights action brought by Thorpe against these and other defendants.

well settled that a passing reference to an issue will not suffice to bring that issue before this court" (internal quotation marks omitted)), we conclude, for substantially the reasons provided by the District Court, that Thorpe's claims were properly dismissed.[4] To the extent that Thorpe now argues that the presiding District Judge should have recused himself from this case, we find no merit to this argument. See 28 U.S.C. § 455 (setting forth standards of recusal); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). Accordingly, we will affirm the District Court's judgment.

---

[4] The District Court concluded that the claims against the magisterial district judge were barred by the Eleventh Amendment and the doctrine of judicial immunity, and that granting Thorpe leave to amend those claims would be futile. As for the claims against the Township Defendants, the District Court concluded that they failed to state a claim because none of the federal criminal statues identified by Thorpe created a private cause of action, and that it would be futile to grant him leave to amend those claims. Lastly, the District Court concluded that, while the complaint included allegations that "have the hallmark of a First Amendment retaliation claim," (Dist. Ct. Op. 8), they were, as constituted, insufficient to state a viable claim. Although the District Court granted Thorpe leave "to file an amended complaint to allege additional facts in support of a First Amendment retaliation claim," (id. at 12), Thorpe elected not to take advantage of that opportunity.